■ In the Matter of GREATER JAMAICA DEVELOPMENT CORPORATION et al., Appellants, v NEW YORK CITY TAX COMMISSION et al., Respondents. [28 NYS3d 339]—In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the respondent New York City Department of Finance, dated February 23, 2011, revoking a tax exemption granted to certain

public parking facilities owned and operated by the petitioners, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Siegal, J.), dated April 2, 2012, as denied that branch of their petition which was pursuant to CPLR article 78 to review the determination and granted the respondents' cross motion to dismiss the petition. By decision and order dated November 27, 2013, this Court reversed the order and judgment insofar as appealed from, granted that branch of the petition which was pursuant to CPLR article 78 to review the determination of the respondent New York City Department of Finance dated February 23, 2011, revoking the tax exemption granted to the subject parking facilities, annulled that determination, and denied the respondents' cross motion to dismiss the petition (*see Matter of Greater Jamaica Dev. Corp. v New York City Tax Commn.*, 111 AD3d 937 [2013], *revd* 25 NY3d 614 [2015]). In an opinion dated July 1, 2015, the Court of Appeals reversed the decision and order of this Court and remitted the matter to this Court "for consideration of issues that were raised but not determined on the appeal to [this] Court" (*Matter of Greater Jamaica Dev. Corp. v New York City Tax Commn.*, 25 NY3d 614, 631 [2015]). Justice Balkin has been substituted for former Justice Angiolillo (*see* 22 NYCRR 670.1 [c]).

Ordered that, upon remittitur from the Court of Appeals, the order and judgment is affirmed insofar as appealed from, with costs.

The petitioners commenced this proceeding, inter alia, to review a determination of the respondent New York City Department of Finance, dated February 23, 2011, revoking a tax exemption granted to certain parking facilities. The Supreme Court denied that branch of the petition. Contrary to the petitioners' contention, the Supreme Court did not uphold the determination on a ground not invoked by the agency (*cf. Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 57 NY2d 588, 593-594 [1982]). Therefore, upon remittitur from the Court of Appeals, we affirm the order and judgment insofar as appealed from. Dillon, J.P., Balkin, Chambers and Hinds-Radix, JJ., concur.